IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION


MICHAEL T. JONES,              )
          Petitioner,     )
                             )
v.                             )
                             )         7:08-CV-166-O
NATHANIEL QUARTERMAN, Director,   )
Texas Department of Criminal Justice,   )
Correctional Institutions Division,     )
          Respondent.    )


MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 by an inmate

confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa

Park, Texas.  On April 9, 1986, in the 331st District Court of Travis County, Texas, petitioner was

found guilty of the offense of aggravated robbery and sentenced to 30 years confinement.  *Petition*

*¶¶ 1-6.*  Jones does not challenge his conviction in the instant petition.  Rather, he challenges the

TDCJ's calculation of good-time credits which petitioner argues should be awarded to him.

Although 28 U.S.C. § 2241 includes no statutory requirement that a petitioner exhaust state

remedies prior to bringing suit in federal court, the caselaw in this circuit is clear that exhaustion of

all available state remedies is a prerequisite to filing a § 2241 petition.  *Dickerson v. State of*

*Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see Serio v. Members of Louisiana State Bd. of*

*Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987) (requiring exhaustion of state remedies where a

petitioner challenges a single parole determination as constitutionally defective).

The exhaustion requirement is "designed to protect the state court's role in the enforcement

of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S.

509, 518 (1982). As a prerequisite to judicial consideration of a petition for habeas corpus relief, exhaustion of any administrative and state court remedies assists this court by developing a factual record, allowing the application of correctional expertise to the prisoner's claims, and hopefully resolving the issues without federal court intervention. *See McKart v. United States*, 395 U.S. 185, 193-195 (1969); *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986).

Under Texas law, an inmate challenging the calculation of his prison time credits must file a complaint with the TDCJ Office of Time Credit Resolution prior to seeking relief in a state habeas proceeding under article 11.07, Texas Code of Criminal Procedure. *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *In re Hassler*, 2003 WL 1738405, *2 (Tex. App. – Amarillo 2003). The applicant may proceed with his art. 11.07 application only after receiving a written decision from the TDCJ or after the expiration of 180 days from the date he filed his administrative complaint. Tex. Gov't Code § 501.0081 (West 2008). An inmate who, according to the TDCJ records, is within 180 days of the date of his release on parole, mandatory supervision or discharge of sentence is not required to exhaust his administrative remedy prior to filing a state application for habeas relief. *Id.*

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies are either unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). It is the petitioner's burden to demonstrate the futility of administrative review in order to overcome the prerequisite of exhaustion of administrative and other state remedies. *Fuller v. Rich*, 11 F.3d at 62. The exhaustion requirement does not mandate a ruling from state authorities prior to seeking federal

habeas relief. *See id.* However, each appropriate entity must have been given the opportunity to review the prisoner's complaints. *Id.*

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows either (1) cause for the default and actual prejudice resulting from the alleged violation of federal law or (2) that the failure to consider his federal claim will result in a fundamental miscarriage of justice. *E.g. Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000); *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997); *Harris v. Reed*, 489 U.S. 255, 262 (1989). "[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Smith*, 216 F.3d at 524 (quoting *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)).

In the instance case, petitioner concedes that his art. 11.07 habeas petition was dismissed pursuant to Texas Code of Criminal Procedure art. 11.07 § 4(a) - (c). *Petitioner's Memorandum p.2 and Exhibit B, attached thereto.*

Texas Code of Criminal Procedure art. 11.07 § 4 embodies the state habeas abuse-of-the-writ doctrine. The statute provides as follows:

> Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
>> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

> (b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

> (c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2008). The Texas abuse-of-the-writ doctrine "represents an adequate state procedural bar for purposes of federal habeas review." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). This has been well established law in the Fifth Circuit since 1995. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). In the case at bar, petitioner has failed to establish cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or that failure to consider this ground for relief will result in a fundamental miscarriage of justice. Therefore, the petition is subject to dismissal as procedurally barred.

Even assuming, *arguendo*, that the instant petition is not procedurally barred, Jones cannot prevail in this action. In his first ground for relief, petitioner claims that, because he completed his G.E.D., he is entitled to ten extra days of good-time credits each month under Texas Government Code § 498.003(a). *Petition ¶ 20.A; Petitioner's Memorandum pp. 3-4.* He further argues that, because he is eligible for mandatory supervised release, his good-time credits represent a constitutionally protected liberty interest. *Petitioner's Memorandum p. 2.* Texas Government Code § 498.003(a) provides:

Good conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term. Good conduct time is a privilege and not a right. Regardless of the classification of an inmate, the department may grant good conduct time to the inmate only if the department finds that the inmate is actively engaged in an agricultural, vocational, or educational endeavor, in an industrial program or other work program, or in a treatment program, unless the department finds that the inmate is not capable of participating in such a program or endeavor.

Pursuant to this statute, the TDCJ may award good-time credits to inmates engaged in educational endeavors. However, it is readily apparent that the statute creates no right to earn good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (**opportunity to earn** good-time credits is not a protected liberty interest in Texas, even if the inmate is eligible for mandatory release). Therefore, Jones cannot prevail on this ground for relief.

In his second ground for relief, petitioner alleges that, because Texas prisons are 95% occupied, he is entitled to 30 days of administratively granted good-time credit under the Prison Management Act which was enacted by the 65th Legislature and which was in effect at the time of his conviction. *Petition ¶ 20.B; Petitioner's Memorandum p. 4.* He argues that the version of the Prison Management Act set forth by the 70th Legislature, which does not grant such credit, is wrongfully being applied to his case. Liberally construed, petitioner presents an *ex post facto* claim.

In determining whether a legislative change has resulted in an *ex post facto* violation, the court looks to whether any such change (1) alters the definition of criminal conduct or (2) increases the penalty by which a crime is punishable. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995); *Collins v. Youngblood*, 497 U.S. 37, 41 (1990); *Ex parte Hallmark*, 883 S.W. 2d 672, 674 (Tex. Crim. App. 1994). In the case at bar, the definition of petitioner's criminal conduct has not been altered nor has the penalty for his offense been increased. Therefore, he is not entitled to relief. *See Hallmark*, 833 S.W.2d at 673-74.

In his final ground for relief, petitioner argues that he is entitled to the restoration of good-time credits which were forfeited upon the revocation of his parole. *Petition ¶ 20.C; Petitioner's Memorandum pp. 4-6.* Jones concedes that, under Texas Government Code § 498.004(b), an inmate who's parole is revoked forfeits all previously earned good-time credits. *Petitioner's Memorandum p. 5.* However, he argues that, because his federal habeas petition challenging his parole revocation has survived summary dismissal, a procedural defect in the revocation proceeding has been shown, thus entitling him to restoration of the forfeited credits. This ground for relief has no basis in fact. Jones' prior habeas action, *Jones v. Quarterman*, 7:07-CV-093-O (N.D. Tex.), remains pending before this court. A determination with regard to the propriety of Jones' parole revocation has not been made in that case. Therefore, Jones is not entitled to relief on this ground.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

A copy of this order shall be transmitted to petitioner.

SO ORDERED this 17th day of November, 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

-6-